## MARK ZORETIC v. MARTHA ZORETIC.[1]

October 22, 1926.

No. 25,501.

**Absolute divorce and grant of alimony sustained.**

Action for an absolute divorce upon the ground of cruel and inhuman treatment. *Held:*

(1)  That the findings of fact are justified by the evidence.

(2)  That the amount of alimony allowed is within the limits prescribed by the statute.

Divorce 19 C. J. p. 142 n. 52; p. 268 n. 90; p. 291 n. 18.

Action in the district court for St. Louis county for divorce. The case was tried before Freeman, J., who granted defendant divorce and alimony. Plaintiff appealed from the judgment. Affirmed.

*Jenswold, Jenswold & Dahle,* for appellant.

*McMahon & McMahon,* for respondent.

QUINN, J.

Action for an absolute divorce upon the ground of cruel and inhuman treatment. Defendant, by way of counterclaim, asked for divorce on the same ground and for alimony.

[1]Reported in 210 N. W. 393.

The court found that plaintiff was not entitled to a divorce but that he was guilty of cruel and inhuman treatment of and toward the defendant, as charged in the answer, and entered a decree in favor of defendant and against plaintiff for an absolute divorce; that plaintiff pay to defendant the sum of $5,000 as permanent alimony; that he cause suitable toilet facilities to be put into the building situated on lot 11, block 9, in the city of Ely, which he owned, with the privilege in defendant to use the same free of charge so long as she desires to conduct a confectionery store therein, or in lieu of putting in such toilet facilities he pay to the defendant the sum of $400 to be used by her for such purpose with the right in defendant to relinquish said building and in lieu of the occupancy thereof by defendant to pay her the sum of $50 per month alimony, and that defendant retain the household goods used in their home, and that the plaintiff pay the costs and disbursements, taxed and allowed at $16.76, and in addition thereto the sum of $100 as attorney's fees in the action.

It was further found that plaintiff is a competent business man, capable of earning $1,200 per year in addition to his salary as judge of the municipal court and that he owns property in his own name, free of encumbrance, of the value of at least $21,000. Judgment was entered in accordance with the foregoing findings, and plaintiff appealed.

It is urged on behalf of appellant that the findings with reference to cruel and inhuman treatment and as to the value of the property owned by him are not justified by the evidence, and that the allowance of alimony is in excess of the amount authorized by the statute. A careful reading of the record convinces us that the contention made on behalf of plaintiff is not supported thereby. While the allowance for alimony is very liberal, it is within the limits prescribed by the statute. The trial court seems to have given the matter careful consideration and this court, under the rule, should not interfere. The evidence as shown by the record amply justifies the findings as to cruel and inhuman treatment and authorizes the relief granted by the court. Under the circumstances no attorney's fees will be allowed in this court.

Judgment affirmed.